UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DOROTHY J. O'RYAN,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-125

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply memorandum (doc. 13), the administrative record (doc. 6),[2] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of February 2, 2008. PageID 207-13. Plaintiff claims disability as a result of a number of impairments including, *inter alia*,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

fibromyalgia, degenerative disc disease, and anxiety disorder. PageID 48.

After initial denials of her application, Plaintiff received a hearing before ALJ Kim Soo Nagle on June 27, 2012. PageID 67-114. The ALJ issued a written decision thereafter finding Plaintiff not disabled. PageID 45-61. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since February 2, 2008, the alleged onset date (20 CFR 404.1571, *et seq*).

3. The claimant has the following severe impairments: fibromyalgia, degenerative disc disease of the lumbar and cervical spine, affective disorder, anxiety disorder, somatoform disorder and polysubstance abuse in reported remission (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity ["RFC"] to perform sedentary work[3] as defined in 20 CFR 404.1567(a). In terms of exertional limitations, the claimant is able to lift up to ten pounds occasionally, stand for two hours in an eight-hour work-day and sit for six hours in an eight-hour work-day. In terms of postural limitations, the claimant can frequently balance. She can occasionally climb stairs, stoop, crouch, kneel, and crawl. The claimant cannot climb ladders, ropes or scaffolds and must avoid concentrated exposure to unprotected heights and hazards (e.g., dangerous machinery with moving parts). The claimant is limited to low stress jobs, which I specifically define as requiring only occasional decision-making. The claimant is limited to moderately complex tasks, defined as three-to four-step tasks. The claimant can only occasionally interact with the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

7. The claimant was born [in] 1965 and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 2, 2008, through the date of this decision (20 CFR 404.1520(g)).

PageID 47-61.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-38. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B. Evidence of Record**

In her decision, the ALJ summarized the relevant medical evidence in this case. PageID 52-59. Plaintiff, in her Statement of Errors, sets forth a detailed recitation of the record evidence. Doc. 9 at PageID 563-71. In the memorandum in opposition, the Commissioner offers no objection to Plaintiff's statement of the relevant medical evidence and defers to the ALJ's summary. Doc. 12 at PageID 591. Except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's undisputed summary of the record.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

4

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff alleges that the ALJ erred in: (A) failing to properly analyze the opinion of her treating physician, Matthew Moore, M.D.; (B) omitting, without explanation, the functional restrictions opined by medical sources upon which she relies in forming Plaintiff's RFC; (C) assessing Plaintiff's work history; and (D) posing an incomplete and/or inaccurate hypothetical question to the vocational expert ("VE") during the administrative

5

hearing. PageID 571. The undersigned finds reversible error concerning Plaintiff's second assignment of error, and therefore declines to address Plaintiff's remaining alleged errors.[4]

With regard to the second alleged error, Plaintiff argues that record reviewing state agency consultants Eli Perenecvich, D.O.; Alice Chambly, Psy.D.; Patricia Semmelman, Ph.D.; and consultative examiner Brian R. Griffiths, Psy.D. all set forth specific restrictions which were rejected by the ALJ without explanation, despite the ALJ otherwise giving great weight to those findings. The Court agrees the ALJ failed to meaningfully explain the weight given to these non-treating medical sources and, by so acting, erroneously neglected to explain why certain restrictions were omitted from Plaintiff's RFC. PageID 56-57.

In weighing opinions of non-treating sources, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir 2013). "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id*. Simply restating a non-treating source's opinion and

---

[4] Plaintiff, in her first assignment of error, alleges that the ALJ failed to properly weigh Dr. Moore's opinion. "An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors[.]" *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c). Here, the undersigned finds that the ALJ adequately analyzed and weighed Dr. Moore's opinion as required, and that such conclusion is supported by substantial evidence -- meaning only that the conclusion falls within the "zone of choice within which the [ALJ could have gone] either way[.]" *Id*. (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). However, because the Court finds remand required as set forth *infra*, the undersigned would require that the ALJ reassess the weight accorded Dr. Moore's opinion on remand in conjunction with the re-weighing of all other opinion evidence.

offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence. *See* 20 C.F.R. § 404.1527(c); *see also Aytch v. Comm'r of Soc.*, No. 3:13-cv-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014).

In comparison to her lengthy analysis and critique of treating physician Dr. Moore's opinion, the ALJ conducted just a brief, conclusory review of these non-treating sources. PageID 56-57. With regard to Dr. Perenecvich, for example, the ALJ summarized his opinion and provided no explanation regarding how the opinion addressed Plaintiff's subjective complaints, or how the limitations opined by Dr. Perenecvich addressed any of Plaintiff's alleged impairments. *See* PageID 56. Further, although Dr. Perencevich found that Plaintiff could only stand and/or walk for 15 minutes each hour,[5] the ALJ failed to explain why such limitation was not accepted when determining Plaintiff's RFC.

The same conclusory analysis is present concerning the ALJ's weighing of Dr. Semmelman's opinion. *See* PageID 57. The Court also notes Dr. Semmelman found that, with regard to sustained concentration and persistence, Plaintiff "retain[ed] the ability to complete 3-4 step moderately complex tasks," but also found that, because of her social interaction limitations, Plaintiff could only perform simple, routine work tasks in a setting which is relatively static with occasional contact with others." PageID 144-45. The ALJ provides no explanation as to why she disregarded this limitation and, instead, found Plaintiff capable of performing moderately complex tasks.

---

[5] Plaintiff argues that Dr. Perencevich found that she had to take a two hour break each workday. Doc. 9 at PageID 577-78. However, the undersigned's review of Dr. Perencevich's opinion reveals no such restriction. *See* PageID 143. Dr. Perencevich opined only that Plaintiff "needs to alternate sitting and standing which can be accommodated at her two hour breaks." *Id*. Essentially, Dr. Perencevich assumed that workers generally take a work break every two hours, and that Plaintiff's need to alternate sitting and standing could be done every two hours during such break. *See id*.

Significantly, Dr. Griffiths concluded that Plaintiff "would have some difficulty relating to others in completing simple repetitive tasks[,]" and that "her short term memory skills were not strong . . . and may deteriorate over extended periods of time slowing her performance in completing simple, repetitive tasks."[6] PageID 409. The ALJ declined to adopt this limitation and offered no explanation for her failure to do so. Although the undersigned recognizes that the ALJ need only accept those limitations she finds credible, *see Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993), the ALJ still must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably.[7] *See Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"); *Stoddard v. Astrue*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010); *Washington v. Colvin*, No. 13–1147–SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions").

---

[6] In her opinion, the ALJ stated that Dr. Griffiths's examination revealed that Plaintiff "objectively retains the ability to perform moderately complex tasks in a low-stress environment without only occasional interaction with the public." PageID 54. The Court's review of Dr. Griffith's report reveals no such finding.

[7] The ALJ did conclude that Plaintiff was able to perform moderately complex tasks because she was able to previously work "as an interpreter with a disabled population." PageID 56. In her third assignment of error, Plaintiff alleges that the ALJ's finding in this regard is error because it conflicts with the ALJ's own conclusion that Plaintiff was unable to perform past-relevant work. The Commissioner offers no specific argument in opposition to Plaintiff's contention in this regard. The undersigned agrees with Plaintiff's unopposed argument. Specifically, Plaintiff testified that she ceased working full-time as a telephone interpreter in 2008, and held that position part-time until 2010, although she could never complete her twenty hour workweek. PageID 75-76. Although there may be evidence supporting the contention that Plaintiff could perform moderately complex tasks over a short period of time, any conclusion that she could do so on a sustained basis is not supported by substantial evidence. *Cf. Gayheart*, 710 F.3d at 377.

Based upon the foregoing, the undersigned finds that the ALJ's non-disability finding should be reversed because she failed to meaningfully explain the weight accorded the opinions of Drs. Perencevich, Semmelman, and Griffiths; and also because she failed to explain why -- despite giving each of these opinions "great weight" -- certain limitations opined by these medical sources were not included in the RFC finding. *Cf. Rose v. Colvin*, No. 2:14–CV–88, 2015 WL 1138357, at *6 (E.D. Tenn. Mar. 13, 2015).

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming because the record is not clear whether Plaintiff would be considered disabled even if the omitted limitations by the consultative physicians set forth *supra* were included in the RFC. *See* PageID 104-13. Accordingly, the undersigned concludes that remand for further proceedings is proper. Upon remand, the ALJ shall analyze all medical source opinions of record, and meaningfully explain the weight reasonably accorded to those opinions.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:   July 30, 2015                                    *s/ Michael J. Newman*
                                                         Michael J. Newman
                                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).